### No. 8861.
### Orleans Appeal.

---

### M. E. FERRAND v. WALTER VAN BENTHUYSEN.

---

(March 30, 1925, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Builders and Buildings—Par. 3, 13.

Where it is stipulated in specifications made part of a building contract that "should any dispute arise as to the quality or fitness of the materials or workmanship, the decision shall rest strictly with the architect", and where such decision forms the basis of a suit between the parties to such stipulation, the architect's findings as against doubtful and conflicting evidence is rightly upheld by the court *a qua*, whose judgment will not be disturbed on appeal.

Appeal from the Civil District Court for the Parish of Orleans, Division "D", Hon. Porter Parker, Judge.

This is a suit for balance due for demolition and reconstruction of a building.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Geo. Montgomery, attorney for plaintiff and appellee.

Spencer, Gidiere, Phelps & Dunbar, attorneys for defendant and appellant.

BELL, J. Plaintiff, a contractor, sues for $584.71, a balance alleged to be due for certain work involving the demolition and reconstruction of a building belonging to defendant. The petition sets up a written contract, with specifications, signed by plaintiff as contractor and defendant as owner. It is alleged that the entire work was to be done for $4,473.00; that after the building had been entirely demolished from one site and its foundations had been reconstructed on another site, and after the first certificate for partial payment of the contract had been issued and approved by the architect and had been partially paid by defendant, that defendant stopped all work under the contract, leaving as a balance due for brick, labor and services rendered the amount now claimed, to-wit: $584.71. It is further alleged in the petition that differences had arisen between plaintiff and defendant, the latter having made demands upon plaintiff which were unjust, unreasonable and contrary to the terms of the building contract, particularly in that defendant had demanded that plaintiff should demolish the work already completed, although same had been approved by the architect in charge; that plaintiff offered, within the provisions of the contract, to submit these differences to arbitration, but that defendant, without reason, refused so to do.

Defendant answered, admitting the contract alleged by plaintiff, except that the price should have been $4,673.00 instead of $4,773.00. He also admitted that the work was to be done under the direction of R. Spencer Soule, architect, whose powers were fixed in the contract and specifications. He also admitted that the specifications provided that any dispute arising as to quality or fitness of material or workmanship should be decided strictly by the architect, and that payments under the contract as it progressed were to be made as alleged in the petition. Defendant denied that plaintiff performed the work and furnished the material in accordance with the contract and specifications and denied that the necessary certificate from the architect had been obtained; but he admitted that a certificate for $600.00 was obtained from the architect and paid by him. Defendant further denied that any itemized statement verified by the architect, was furnished, but admitted that he received an unverified statement showing a balance as now claimed by plaintiff, and at the same time he received an itemized statement from his architect showing the amount of work done by the contractor and upon this latter statement or certificate he paid the sum of $600.00. He denied owing the balance now claimed, but admitted that differences had arisen between him and plaintiff and that he had demanded that plaintiff should demolish the work already reconstructed at the new site because the foundations there had been constructed out of line and out of level, and that the bricks were laid without any cement in the mortar. Admitting that he refused to arbitrate, defendant averred that the contract did not provide for arbitration of such matters, but he admitted that amicable demand had been made upon him and that the architect did approve of the work done by the plaintiff and did issue the Certificate No. One which covered the work on the foundations and which he had paid before he saw the work. He then alleged he visited the work six days later and found that the foundations were out of line and out of level and the mortar useless and not up to specifications, and he

averred further that the approval of the work by the architect was in violation of the contract, not binding upon him, and that he had paid the $600.00 on the first certificate issued in ignorance of the character of the work. Assuming the position of plaintiff in reconvention, defendant alleged that the work done by plaintiff was of a value not exceeding $300.00 and that defendant had, therefore, been overpaid, and further that he called on plaintiff to demolish the work and reconstruct the foundations, and that plaintiff having failed to do so, he had the work done by another contractor at an additional cost of $100.00, and that this latter amount, together with the overpaid amount of $300.00, he was entitled to recover against plaintiff, and so prayed in reconvention.

Pending this suit, the plaintiff became a bankrupt, and his trustee was interpleaded, and after trial had on the issues here involved, there was judgment in favor of plaintiff's trustee and against defendant for the amount sued upon and defendant's reconventional demand was dismissed. From this judgment defendant has appealed.

The important question in this case is one founded wholly upon issues of fact and is to be determined upon the evidence of six witnesses, three for plaintiff and three for the defendant. The trial judge, under these conditions, has rendered judgment in favor of the plaintiff. We are disposed to believe that our learned brother of the District Court, after hearing the evidence of witnesses divided in number, as just noted, was influenced in his final determination by the building contract and stipulations made part of that contract. Defendant admits that he signed the contract and the specifications, and that the latter specifically provided that should any dispute arise as to the quality and fitness of the material or workmanship, the decision should rest strictly with the architect. We find such a stipulation in the specifications and conclude, therefore, that unless the decision of the architect as rendered in this case under the dispute which has arisen between the litigants is shown to be arbitrary and plainly contrary to the evidence, that such decision should be maintained.

We find from the evidence that the defendant paid the first certificate issued by the architect approving the work done up to the time that said certificate was issued. Defendant admits that he paid this certificate without examining the work and relied upon the certification made by his architect, who was of his own choosing. Defendant testifies that six days after making this payment, he went to the site at which the building was to be reconstructed, and found the foundations badly constructed, as set forth in his answer to this suit. It appears that in the early part of August, almost two months after payment of this first certificate, and after he had found the work unsatisfactory, he called upon Dr. Metz, a chemist, and Mr. Devereaux O'Reilly, an engineer and contractor, to examine the work as then constructed and to report their findings to him. It appears that prior to calling upon these experts for their opinion, defendant instructed the architect and he in turn directed the plaintiff to cease all further work under the contract. We find from the report of the chemist and of the engineer employed by the defendant, that these gentlemen did find some defects in the work. Dr. Metz, however, who made the chemical examination as to the proportions of lime, sand and cement which should have been in compliance with the specifications in respect to the mortar to be furnished, declares that he found the mortar itself apparently without any adhesive qualities and that he could flake a good deal of it with a penknife as when lifting the top of a

cardboard box. This witness, however, failed to testify that there was no cement in the mortar, which seems to have been the main complaint made by defendant as to the mortar. On the contrary, this witness swears that neither he nor anyone else could say exactly what the proportion of cement was to lime and sand in the mortar as used in this work. Mr. O'Reilly undertakes to testify that there was no cement whatever in the mortar, although his functions were to determine the lines and levels established in the construction of the foundation, and he is not shown to have made any chemical examination of the mortar. His letter addressed to the defendant containing his report, as well as his sketch accompanying the letter, does show the foundation to have been from one to three-quarters of an inch out and in one place as much as five-eighths of an inch out of center, but the architect himself has testified that these variations are quite frequent and customary and are easily overcome when brick foundations are stuccoed and when the cross beams laid thereon are leveled by slate slipped between the bottom of the sill and the top of the brick foundation, so as to make the sill level.

Mr. Bowers, a bricklayer and contractor of twenty years' experience, who testified for the plaintiff, says that he was asked to look at the mortar and that it was reasonably good mortar, and that he knows there was cement in the mortar, although he cannot tell what its proportions were by the examination made. He also testifies that when he examined it, there had been very heavy rains which had washed the mortar some, and, of course, the work did not look exactly as it would have looked had it not been rained on. He says finally that the mortar between the bricks was good mortar and that he took off the bricks in order to examine the mortar between them and that the work seemed to be good.

Mr. Soule, the architect, swears that when complaint came to him from the defendant about the work done on the foundation and material furnished, particularly the condition of the mortar, he made an examination himself and wrote defendant that in his opinion the work was according to plans and specifications. His testimony is, in part, as follows:

"Q. Now, in your opinion, Mr. Soule, were the plans and specifications complied with by Mr. Ferrand?
"A. In my opinion, they were, and I so certified, and I have not changed my opinion."

Our examination of the record in this case would not justify us in finding that the conclusions of the trial judge are erroneous or contrary to the weight of evidence which he has given to the testimony of the witnesses whom he saw and heard.

The law of the contract between these parties is written in the specifications and should obtain, unless the evidence is of a preponderating nature against the justice of the conclusions which the architect has rendered in the matter. We do not consider that his decision is contrary to the expert testimony which is before us or that the work and material furnished was of such nature as would justify the defendant in rejecting the report or decision of his architect.

In the case of Dugue vs. Levy, 114 La. 21, 37 South. 995, while the court refused to uphold the arbitrary refusal of the architect to issue a certificate for work done, it nevertheless announced the doctrine that a strong case must in each instance be made out to induce the courts to overrule decisions of supervising architects. In the instant case, it was nominated in the contract between the parties that the decision of the architect as to the quality or fitness of material or work should rest strictly with the architect, and we think, under the cir-

cumstances of this case, that the findings of the trial judge, consistent with that decision, should not be disturbed.

It is, therefore, ordered that the judgment herein appealed from be and the same is hereby affirmed at defendant's costs in both courts.